# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TERRELL IVY, REGGIE MCDONALD, and ELTON HOUSTON, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 4603 |
| v. | ) ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, JODY WEIS, ANITA ALVAREZ,[1] Cook County State's Attorney, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Terrell Ivy, Reggie MacDonald, and Elton Houston (collectively, "plaintiffs") filed a complaint against the City of Chicago, Superintendent of Police Jody Weis, in his individual and official capacity, and the Cook County State's Attorney, Anita Alvarez (formerly Richard Devine), (collectively, "defendants") under 42 U.S.C. § 1983 for deprivation of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Before the court are defendants' motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The City and Weis have moved to (1) dismiss plaintiffs' Fourth Amendment claims, (2) dismiss plaintiffs' claims for injunctive relief, (3) dismiss plaintiff Houston's due process claim, and (4) dismiss Weis as a defendant. Alvarez has moved to

---

[1] The plaintiffs originally named Richard Devine, who served as the Cook County State's Attorney prior to Anita Alvarez, as a defendant. However, as plaintiffs brought suit against Devine solely in his official capacity, the claims against him must be treated as suits against the government entity itself, *see Walker* v. *Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008), and Alvarez has been substituted as the proper party defendant.

dismiss the Cook County State's Attorney as a defendant. For the reasons set forth below, defendants' motions will be granted in part and denied in part.

## STANDARD

A defendant may bring a motion under Rule 12(b)(6) to dismiss a complaint for failure to state a claim on which relief may be granted. *EEOC* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). On such a motion, the court must accept as true all well-pleaded allegations of the complaint and draw all reasonable inferences in favor of the non-movant. *Levenstein* v. *Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## BACKGROUND

In their Second Amended Complaint ("the complaint"), plaintiffs allege that defendants have a policy of inventorying money seized at arrest that deprives plaintiffs of their property without due process of law under the Fifth and Fourteenth Amendments and in violation of the Fourth Amendment. Plaintiffs' allegations are as follows.

In Count I, Ivy alleges that Chicago Police officers took $650 from him when he was arrested for battery. The money was inventoried, designated as "Hold for investigation and/or evidence," and deposited into a City of Chicago bank account. When the battery charge was dismissed, Ivy secured a court order directing the Chicago Police Department to return his

2

inventoried money. Nevertheless, the Chicago Police Department refused to return Ivy's money, informing Ivy that his money was still under investigation.

In Count II, MacDonald alleges that Chicago Police officers arrested him without probable cause and seized $1,160 from him. The money was inventoried, designated "Hold for investigation," and deposited into a City of Chicago Bank account. When MacDonald requested the return of his money, a City of Chicago Police officer refused, informing MacDonald that his money was still under investigation.

In Count III, Houston alleges that Chicago Police officers seized and inventoried a total of $1,221 belonging to him while executing a search warrant at his place of residence. Houston's money was designated "hold for investigation and/or evidence" but, in fact, is not being investigated or held for evidence. The City of Chicago Police Department has refused to return the money to Houston.

Plaintiffs further allege that defendants never secured any court order to detain their property and that the State's Attorney has not filed forfeiture actions against their property.

All three plaintiffs request the same relief: (1) an injunction requiring defendants to return the seized money; (2) an injunction requiring defendants to "secure a court order within seven business days of any seizure, or return the money to the owner"; and (3) reasonable costs and attorney's fees.

# DISCUSSION

## I. Plaintiffs' Claims Against Jody Weis

The City and Weis argue that all claims against Weis, both in his individual and official capacity, should be dismissed. Plaintiffs allege that Weis "is the Superintendent of Police and, as such, he sets and implements the policies of the Chicago Police Department."

To state a claim under § 1983 against Weis in his individual capacity, plaintiffs must allege that Weis was personally involved in the deprivation of their constitutional rights. *Kitzman-Kelley* v. *Warner*, 203 F.3d. 454, 458 (7th Cir. 2000). Plaintiffs must also allege that Weis acted with "deliberate indifference" to their rights. *Id.* Plaintiffs fail to make any allegations of personal involvement by Weis.

Actions against individual defendants in their official capacities are treated as suits against the government entity itself. *Walker* v. *Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008). The claims brought against Weis are identical to those brought against the City. Thus, all claims brought against Weis in his official capacity are dismissed as redundant.

In sum, all claims against Weis, both in his individual and official capacity, are dismissed.

## II. Plaintiffs' Claims Against the Cook County State's Attorney

Plaintiffs bring claims against Alvarez in her official capacity, which is the equivalent to a claim against the State's Attorney's Office. *Id.* In order to state a claim under § 1983 against a municipality or other local government unit, plaintiffs must show that their injuries were caused by an official policy or custom of that government unit. *Tapia* v. *City of Greenwood*, 965 F.2d 336, 338 (7th Cir. 1992); *see also Calhoun* v. *Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (citing

4

*Monell* v. *N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 695, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).

Alvarez argues that while plaintiffs "have made detailed allegations regarding the policies of the City of Chicago and its police department," they "have not made a single allegation identifying a similar policy of the State's Attorney, nor any actions by the State's Attorney in furtherance of such a policy." Mem. in Supp. of Alvarez's Mot. to Dismiss 3–4. Plaintiffs argue that they have sufficiently alleged in paragraphs 8 through 15 of the complaint that the State's Attorney and the City were "cooperating as equals in the policy . . . at issue." Pls.' Consol. Resp. at 14.

Paragraphs 8 through 15 of the complaint are titled "Defendants' Policy and Practice" and contain only general conclusional allegations that all defendants have followed a certain "practice and procedure" in the treatment of cash seized and inventoried by Chicago Police officers. Those paragraphs do not identify any policies or practices of the State's Attorney or describe any actions taken by employees of that office. Elsewhere in the complaint, plaintiffs detail three separate instances of members of the Chicago Police Department seizing money and denying requests for the return of the money.

The complaint contains no allegations, however, that the State's Attorney's Office was involved in either the seizure or failure to return plaintiffs' money. In the absence of any factual allegations that the State's Attorney was complicit in the actions of the Chicago Police Department or took any other actions resulting in the denial of plaintiffs' rights, the conclusional allegation of a joint policy is insufficient to state a claim against her. *Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted). All claims against Alvarez as Cook County State's Attorney are therefore dismissed.

## III. Plaintiffs' Fourth Amendment Claims

Defendants argue that plaintiffs have failed to state a valid Fourth Amendment claim because that amendment does not apply to conduct occurring after the initial seizure of property. The Seventh Circuit has instructed that because the Fourth Amendment protects only "an individual's interest in *retaining* his property," it "cannot be invoked by the dispossessed owner to regain his property." *Lee* v. *City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003). Plaintiffs concede that their allegations concerning defendants' "post-seizure policy and practice" fail to state a claim under the Fourth Amendment. Pls.' Consol. Resp. at 2–3. Nevertheless, plaintiffs contend that they have sufficiently stated Fourth Amendment claims with regard to the arrests of Ivy and McDonald and the initial seizure of their money.[2]

Defendants argue that plaintiffs' allegations of unconstitutional arrest and seizure of property are insufficient to establish liability against any of the named defendants. Because Weis and Alvarez have been dismissed as defendants for the reasons discussed above, the sole remaining defendant is the City. To state a claim for municipal liability under § 1983, a plaintiff must allege that "an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims* ex rel *Sims* v. *County of Bureau*, 506 F.3d

---

[2] Plaintiffs concede that Houston, whose money was apparently seized through the execution of a search warrant, does not have a Fourth Amendment claim. Pls.' Consol. Resp. at 4.

509, 514 (7th Cir. 2007) (citing *City of Canton, Ohio* v. *Harris*, 489 U.S. 378, 389, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).  Here, plaintiffs have failed to set forth even conclusional allegations of any official policy or custom of arresting individuals or seizing their money without probable cause.  Rather, plaintiffs' complaint alleges only a "post-seizure policy and practice," which plaintiffs concede does not state a claim under the Fourth Amendment.

Plaintiffs' Fourth Amendment claims are therefore dismissed.

## IV. Plaintiff Houston's Due Process Claim

Defendants argue that Houston has failed to state a due process claim because he has already been afforded due process through his criminal proceedings.  Specifically, defendant contends that under state law, Houston could have asked the state criminal court, at either the initial hearing or the preliminary hearing, for an order returning the inventoried money.

To state a claim for violation of procedural due process under the Fourteenth Amendment, a plaintiff must allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation."  *Michalowicz* v. *Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (citing *Doherty* v. *City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996)).  At issue here is whether Houston has alleged insufficient procedural protections. Houston alleges that his inventoried money is being held "for investigation and/or evidence" even though it is not actually being investigated or used as evidence.  Drawing all reasonable inferences in his favor, the court finds that Houston has sufficiently alleged insufficient procedural protections.

Defendants further argue that Houston is precluded under the *Younger* abstention doctrine from requesting return of the inventoried money.  In *Younger* v. *Harris*, 401 U.S. 37, 91

7

S. Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court established that federal courts must generally abstain from exercising jurisdiction over federal constitutional claims that concern or call into question ongoing state proceedings. *Id.* Under *Younger* and its progeny, federal courts must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *FreeEats.com, Inc.* v. *Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (internal quotation marks and citations omitted).

The court is not persuaded, however, by defendants' contention that because "there is an opportunity for Houston to raise constitutional claims in the criminal case," Mem. in Support of the City and Weis's Mot. to Dismiss at 13, the third prong of the *Younger* analysis is satisfied. Houston's criminal case is a proceeding that ultimately concerns whether he is guilty of the charged conduct. Thus, even if Houston has the opportunity to raise constitutional claims during his criminal case, it does not necessarily follow that he has the opportunity during that proceeding to challenge the constitutionality of the City's policies concerning the return of inventoried money. Indeed, defendants have cited no authority suggesting that such a constitutional claim may be raised or addressed during a criminal proceeding in an Illinois state court. Dismissal on the basis of *Younger* abstention would thus be inappropriate.

The motion to dismiss Houston's procedural due process claims is therefore denied.

**V.      Plaintiffs' Claims for Injunctive Relief**

Defendants move to strike plaintiffs' claims for injunctive relief. Because their motions to strike challenge the sufficiency of the complaint, rather than identify portions of the complaint

8

as "redundant, immaterial, impertinent, or scandalous" as provided under Fed. R. Civ. P. 12(f), the court will treat them as motions to dismiss. *See Balabanos* v. *N. Am. Investment Grp., Ltd.*, 708 F. Supp. 1488, 1497 (N.D. Ill. 1988).

Plaintiffs ask for two types of injunctive relief: (1) an injunction requiring the defendants to return the money seized from the plaintiffs, and (2) and injunction requiring defendants to secure a court order within seven business days of any seizure, or return the property to the owner. The first injunction is a reparative injunction seeking to restore plaintiffs to the state they were in before the alleged injury. *See Smith* v. *City of Chicago*, No. 94 C 0920, 2003 WL 57035, at *1 (N.D. Ill. Jan. 7, 2003) (citing DAN B. DOBBS, DOBBS LAW OF REMEDIES § 2.9, at 225 (2d ed. 1993)). The second injunction is a preventive injunction aimed at preventing future injury. *Id.*

The City argues that plaintiffs' prayer for reparative injunction is improper because they are asking for the return of money and not unique goods.[3] It is well established that "injunctions are not granted as a matter of course, but only when the plaintiff's damages remedy is inadequate." *Walgreen Co.* v. *Sara Creek Prop. Co., B.V.*, 966 F.2d 273, 274 (7th Cir. 1992) (citing *N. Ind. Pub. Serv. Co.* v. *Carbon County Coal Co.*, 799 F.2d 265, 279 (7th Cir. 1986)). Each of the plaintiffs alleges that his cash was seized by a Chicago Police officer, inventoried, and "deposited into one of two City of Chicago owned bank accounts." 2d Am. Compl. ¶ 10, at 2. Plaintiffs offer no explanation as to why recovery in the form of money damages would be

---

[3] The City also argues that Ivy's prayer for the return of his money is moot because his money has in fact been returned to him. As this is a motion to dismiss for failure to state a claim, this argument will not be addressed. *Balabanos*, 708 F. Supp. at 1490 n.1 ("[T]o the extent that defendants have referred to matters outside the pleadings . . . we ignore such arguments and concern ourselves solely with the pleadings.") (internal quotation marks and citations omitted).

an inadequate remedy, nor do they offer any other argument or authority indicating that their prayers for reparative injunction should not be dismissed. The motion to dismiss plaintiff's requests for reparative injunction is therefore granted.

With regard to plaintiffs' prayer for preventive injunction, the City argues that plaintiffs lack standing to bring a claim for prospective relief because they have not—and, in any event, could not—allege they are likely to be arrested in the future. The fundamental problem with plaintiffs' prayer for such an injunction is that plaintiffs have standing to seek relief only for themselves. *McKenzie* v. *City of Chicago*, 118 F. 3d 552, 555 (7th Cir. 1997). Unless a class has been certified, plaintiffs lack standing to seek relief that benefits third parties. *Id.* In this case, plaintiffs have not even alleged a putative class action, let alone achieved class certification. Thus, because plaintiffs have failed to allege that they are likely to be harmed in the future, their claims for prospective injunctive relief must be dismissed. *See Smith*, 2003 WL 57035, at *1 (finding that because there was no evidence to suggest that the City would engage in the alleged unconstitutional conduct in the future, the plaintiffs had "no standing to seek an injunction prohibiting the City from engaging in such conduct in the future").

## CONCLUSION

For the reasons set forth above, the City and Weis's motion to dismiss [#24] is granted in part and denied in part, and Alvarez's motion to dismiss [#29] is granted. Weis is dismissed as a defendant in both his individual and official capacity. Alvarez is also dismissed as a defendant. Plaintiffs' Fourth Amendment claims are dismissed. The motion to dismiss plaintiff Houston's

due process claims is denied. Plaintiffs' claims for injunctive relief (both reparative and preventive) are dismissed.

Dated: July 14, 2009         Enter: _____
                                                  JOAN HUMPHREY LEFKOW
                                                  United States District Judge